GEORGE G. WEICKHARDT (SBN 58586)
WENDY C. KROG (SBN 257010)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105-1667
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: gweickhardt@rmkb.com;
wkrog@rmkb.com

Attorneys for Defendant
CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MONTGOMERY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHASE BANK USA, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,<br><br>　　　　　Defendants. | CASE NO. 3:12-cv-02455-CRB<br><br>**STIPULATION TO CONSOLIDATE RELATED CASES** |
| LARRY MONTGOMERY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHASE BANK USA, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,<br><br>　　　　　Defendants. | CASE NO. 4:12-cv-02611-CRB |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

Plaintiff Larry Montgomery and Defendant Chase Bank USA, N.A., hereby stipulate as follows:

WHEREAS, on April 12, 2012, an action was commenced in the Superior Court for the State of California, County of Alameda, entitled *Larry Montgomery v. Chase Bank USA, National Association*, Case No. HG12625388 ("Montgomery I"). Montgomery I alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), the California Song-Beverly Credit Card Act of 1971, Cal. Civ. Code §1741, the California Consumer Credit Reporting Act, Cal. Civ. Code §1785.25(a) and the California Business & Professions Code §17200. Montgomery I also asserted causes of actions for libel, intentional and negligent infliction of emotional distress, deceit, and constructive fraud. Montgomery I was based on Chase's allegedly inaccurate credit reporting <u>to credit reporting agency Experian</u> of plaintiff's Chase credit card account, number "541657496919." On May 15, 2012, Chase removed Montgomery I to this Court on subject matter jurisdiction (plaintiff alleged violations of the federal Fair Credit Reporting Act).

WHEREAS, on April 16, 2012, a second action was commenced by Larry Montgomery in the Alameda County Superior Court, Case No. HG12625861 ("Montgomery II"), against the same defendant, Chase Bank USA, N.A., alleging the exact same causes of action, relating to the exact same Chase credit card account, number "541657496919." The difference being that Montgomery I related to Chase's allegedly inaccurate credit reporting to Experian, while Montgomery II related to Chase's allegedly inaccurate credit reporting to Equifax. The lawsuits are otherwise identical. On May 21, 2012, Chase removed Montgomery II to this Court on subject matter jurisdiction.

WHEREAS, pursuant to Chase's administrative motion to relate cases, this Court related Montgomery I and Montgomery II on June 13, 2012.

WHEREAS, the factors to be considered in consolidating cases are :

1. Risk of delaying trial: consolidation may be denied where the cases involved are at different stages of preparedness for trial. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989);

2. Risk of prejudice and confusion: the risk of prejudice and confusing the jury from

consolidating separate cases must be weighed against the risk of inconsistent adjudications if they are not consolidated. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2nd Cir. 1993).

3. Burden on parties, witnesses, and judicial resources: at a time will be required in trying multiple lawsuits consolidated for trial with greater inconvenience and expense to all concerns. *Johnson v. Celotex Corp.*, 899 F. 2d. 1281, 1285 (2nd Cir. 1990).

WHEREAS, here, the above factors favor consolidation for the following reasons:

1. The actions were commenced within four days of each other and removed to this Court within seven days of each other. Plaintiff filed an amended complaint in both actions on June 11, 2012. The actions are therefore at the same stage of preparedness for trial.

2. As set forth in Chase's administrative motion to relate cases, and confirmed by the Court's order relating cases, both actions involve the same plaintiff, the same defendant, and the same subject credit card accounts, the sole difference being that Montgomery I related to Chase's allegedly inaccurate reporting to Experian, while Montgomery II related to Chase's allegedly inaccurate reporting to Equifax. There is therefore no risk of prejudice or confusing the jury by consolidating the cases and there is a risk of inconsistent adjudication if the matters are not consolidated.

3. Because Montgomery I and Montgomery II concern the same plaintiff and the same defendant, and allege the same causes of action relating to the same credit card account, it would be an unnecessary burden on the parties, witness, and the available judicial resources to try two separate lawsuits, which would also involve the risk of inconsistent adjudications.

IT IS HEREBY STIPULATED by and between plaintiff Larry Montgomery and defendant Chase Bank USA, N.A. that Montgomery I and Montgomery II should be consolidated.

| | | |
|---|---|---|
| Dated: | June 15, 2012 | SAGARIA LAW, P.C. |

By: /s/ Elliot W. Gale
SCOTT I. SAGARIA
ELLIOT W. GALE
Attorneys for Plaintiff
LARRY MONTGOMERY

| | | |
|---|---|---|
| Dated: | June 15, 2012 | ROPERS, MAJESKI, KOHN & BENTLEY, PC |

By: /s/ Wendy C. Krog
GEORGE G. WEICKHARDT
WENDY C. KROG
Attorneys for Defendant
CHASE BANK USA, N.A.

## [PROPOSED] ORDER CONSOLIDATING CASES

The parties having stipulated, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that:

*Larry Montgomery v. Chase Bank USA, National Association*, Case No. 3:12-cv-02455-CRB, and

*Larry Montgomery v. Chase Bank USA, National Association*, Case No. 4:12-cv-02611-CRB

ARE HEREBY CONSOLIDATED for all purposes, including trial.

SO ORDERED.

DATED: July 16, 2012

THE HON. CHARLES R. BREYER
U.S. DISTRICT JUDGE

IT IS SO ORDERED
Judge Charles R. Breyer